**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| HELENA CHEMICAL COMPANY | * | |
| *doing business as* HELENA FINANCE | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO:  4:10CV01193  SWW |
| | * | |
| DANNY W. PORTER; SARAH | * | |
| PORTER, JUSTIN PORTER, and | * | |
| PORTER FARMS, a partnership | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

Plaintiff Helena Chemical Company ("HCC") commenced this action pursuant to the
Court's diversity jurisdiction against Defendants Danny W. Porter, Sarah Porter, Justin Porter,
and Porter Farms, a partnership, seeking money due under a credit sales agreement and
promissory note.  HCC settled its claims against Justin Porter, who is no longer a party to this
action.  Before the Court are HCC's first and second motions for partial summary judgment
(docket entries #22, #23, #24, #57, #58, #59), Defendants' responses in opposition (docket
entries #64, #65, #66, #74), and HCC's reply (docket entry #79).  Also before the Court is
HCC's motion for a default judgment (docket entries #95, #96).  The time for responding to the
motion for a default judgment has expired, and no response has been filed.

After careful consideration, and for reasons that follow, HCC's motions for partial
summary judgment will be granted in part and denied in part; the motions are granted to the

extent that the Court finds that HCC is entitled to summary judgment on its breach of contract claim against separate defendant Danny Porter.  Additionally, the Court adjudges Danny Porter, Sarah Porter, and Porter Farms to be in default.  Defendants have fifteen (15) days from the entry date of this order in which to file objections to HCC's request for damages and attorneys' fees.

## I. Background

HCC commenced this action on September 8, 2010 against Danny Porter, Sarah Porter, Justin Porter, and Porter Farms.  Danny and Sarah Porter are husband and wife and partners in Porter Farms, and Justin Porter is the couple's son.  On March 18, 2008, Danny Porter applied for a commercial credit account with HCC, which was approved, and he signed a "Promissory Note - Revolving Credit" agreement ("Note") in favor of HCC.    Pursuant to the Note, Danny Porter agreed to repay, with interest, advances for agricultural supplies he purchased from HCC in 2008, up to the principal balance of $250,000.  *See* docket entry #15, Ex. #3.

Porter paid the balance due on the Note for 2008, and HCC renewed  his $250,000 line of credit for the 2009 growing season.  *See* docket entry #15, Ex. #5.  HCC claims that Danny Porter failed to pay the principal balance due under the Note for charges to his account made in 2009, which HCC claims totaled $264,389.97.

HCC seeks recovery of the principal balance and interest due under the Note pursuant to several theories.  Under Count I of the second amended complaint, HCC seeks recovery under a breach of contract claim against Danny Porter alone.  Under Count II, HCC seeks recovery pursuant to a fraud claim against Danny and Sarah Porter, alleging that when Danny Porter applied for credit with HCC in March 2008, he misrepresented that he owned 1,000 acres of land.  According to the complaint allegations, Danny and Sarah Porter conveyed over half of

their land to Justin Porter, leaving them less than 400 acres in March 2008.  Under Count III,

HCC seeks recovery from Sarah Porter and Porter Farms  under a theory of unjust enrichment,

seeking the reasonable value of agricultural supplies charged to the account of Danny Porter but

received and used by Sarah Porter and Porter Farms.   Under Counts IV and V, HCC seeks to

hold Danny and Sarah Porter jointly and severally liable as joint venturers or partners.

On July 18, 2011, HCC filed a motion for partial summary judgment.  Subsequently, the

sole attorney of record for Defendants, James A. Simpson, moved to withdraw his representation

based on conflicts that had developed among the separate defendants.  Additionally, the

defendants requested an extension of time to respond to HCC's motion for partial summary

judgment.

By order entered August 25, 2011, the Court granted attorney Simpson's motion to

withdraw representation and directed the defendants to provide the names and addresses of their

new attorneys.  Subsequently, attorneys Stephen L. Gershner and Benjamin A. Kent entered

appearances on behalf of Danny and Sarah Porter and Porter Farms (docket entries #51, #63).

On September 23, 2011, before any defendant had responded to HCC's first motion for

partial summary judgment, HCC filed a second motion for partial summary judgment for the

purpose of amending its claim for damages to include two additional charges to Danny Porter's

account.  Additionally, HCC filed a stipulation reducing the amount of damages from

$264,389.97 to $230,051.97.

On October 11 and 25, 2011, Danny and Sarah Porter and Porter Farms filed responses to

HCC's first and second motions for partial summary judgment, and on November 4, 2011, HCC

filed a reply.  Also on November 4, 2011, HCC filed a motion for leave to file a second amended

complaint, which was granted.

On November 22, 2011, attorneys Gershner and Kent moved to withdraw as counsel for Danny Porter, Sarah Porter, and Porter Farms.  The Court denied the motion without prejudice because it was unclear whether the defendants had received reasonable notice of the motion to withdraw.  On December 21, 2011, HCC and Justin Porter filed a joint motion to dismiss claims against Justin Porter, stating that HCC had settled its claims against Justin Porter for $100,000. Subsequently, attorneys Gershner and Kent filed a second motion to withdraw as counsel.

By order entered January 5, 2012, the Court granted the joint motion to dismiss claims against Justin Porter and granted the second motion to withdraw by attorneys Gershner and Kent, on the condition that counsel mail a copy of the Court's order and the second amended complaint to Danny and Sarah Porter, via certified mail, return receipt requested.   In the same order, the Court directed that Danny Porter, Sarah Porter, and Porter Farms had fourteen days from the entry date of the order in which to answer or otherwise respond to the second amended complaint, which was filed on December 2, 2011.  The Court further directed that if Danny and Sarah Porter or Porter Farms retained new counsel, counsel should enter an appearance immediately.

On January 6, 2012, attorney Gershner filed an affidavit of mailing, stating that on January 5, 2012, he mailed a copies of the Court's order and the second amended complaint to Danny and Sarah Porter, via certified mail, return receipt requested.  On January 25, 2012, HCC moved for a clerk's entry of default against Danny and Sarah Porter and Porter Farms, noting that  Defendants failed to answer the second amended complaint as ordered by the Court. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against

Defendants.          The case is now before the Court on HCC's first and second motions for

partial summary judgment and HCC's motion for a default judgment against Danny and Sarah

Porter and Porter Farms.

## I. Motions for Partial Summary Judgment

Although the remaining defendants failed to answer or otherwise respond to the second

amended complaint, they answered the original and first amended complaints and filed responses

in opposition to HCC's first and second motions for summary judgment.  Given the strong

preference for determining cases on the merits, the Court will decide HCC's motions for partial

summary judgment[1] before turning to HCC's motion for default judgment.

 HCC seeks summary judgement in its favor on Count I, the breach of contract claim

against Danny Porter, and Count V, the claim that Danny and Sarah Porter are jointly and

severally liable as partners in Porter Farms.

### Contract Liability  - Danny Porter

---

[1]Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" Id. at 587 (quoting Fed. R. Civ. P. 56(e)).  "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

To prevail with its breach of contract claim against Danny Porter, HCC must establish that a valid contract existed, that Danny Porter breached the contract, and that HCC suffered damages as a result of that breach.  *Rabalaias v. Barnett*, 284 Ark. 527, 683 S.W.2d 919 (1985)(citing *Allied Chem. Corp. v. Van Buren Sch. Dist.*, 264 Ark. 810, 575 S.W.2d 445 (1979)).  In support of its claim, HCC presents copies of the Note and credit agreement signed by Danny Porter.  HCC also presents copies of delivery tickets, invoice summaries, and affidavits by HCC employees showing that in 2009, Danny Porter or his agents charged a total of $240,483.95[2] in seed, chemicals, and fertilizer on his account with HCC and that the charged goods were delivered to the Porters' farm.  *See* docket entry #22, Exs. #9-13.  HCC also presents the affidavit of Warren Nash, HCC's credit manager, who testifies that Danny Porter failed to pay for any of the agricultural supplies charged to his account in 2009.  Docket entry #22, #8.

Danny Porter does not dispute the validity of the promissory note and credit agreement that he entered with HCC.  However, Porter testifies by affidavit that the charges against his account "greatly exceed" the amount of seed, fertilizer, and chemicals that he required  to farm the acreage that he and his wife farmed in 2009.  Docket entry #64, Ex. A, ¶ 6.   According to Porter, "the exhibits attached to [HCC's] motion for summary judgment . . . do not provide sufficient detail to determine whether or not the goods and services purchased from [HCC] were applied to land farmed by myself and Sarah Porter." *Id.*, ¶ 8.  Porter further testifies: "I was indebted to Justin Porter, and allowed him to purchase chemicals on my account in 2009 as repayment for my indebtedness to him." *Id.*, ¶ 5.

The Court finds that Danny Porter has failed to show that genuine issues of material fact

---

[2]HCC has reduced its claim for damages to $139,051.97.  *See* docket entries #60, #89.

preclude summary judgment on HCC's breach of contract claim against him.  Even assuming

that a portion of the charges at issue were made by Justin Porter, Danny Porter acknowledges

that he permitted his son to charge items to his account.  Danny Porter has failed to come

forward with evidence to controvert HCC's documentation of unpaid charges, and the Court

finds that HCC is entitled to summary judgment on its breach of contract claim against Danny

Porter.

### Contract Liability - Partners

HCC contends that it is entitled to summary judgment with regard to its claim that Danny

and Sarah Porter are jointly and severally liable as business partners for failure to pay the

balance due under the Note.  A partner, as an agent of the partnership, may bind the partnership

to a contract if he or she has either actual or apparent authority to do so.   Arkansas Code § 4-46-

303 provides:

> (1)  Each partner is an agent of the partnership for the purpose of its business. An act
> of a partner, including the execution of an instrument in the partnership name, for
> apparently carrying on in the ordinary course the partnership business or business of
> the kind carried on by the partnership binds the partnership, unless the partner had
> no authority to act for the partnership in the particular matter and the person with
> whom the partner was dealing knew or had received a notification that the partner
> lacked authority.

> (2) An act of a partner which is not apparently for carrying on in the ordinary course
> the partnership business or business of the kind carried on by the partnership binds
> the partnership only if the act was authorized by the other partners.

Ark. Code Ann. § 4-46-301(1).

In this case, it is undisputed that Danny Porter executed the Note and related credit

agreement in his own name.  Furthermore, HCC acknowledges that when Danny Porter executed

the agreements, he represented that he was the owner of a farming operation that was operated in

his own name, and he did not disclose his partnership with Sarah Porter.  Accordingly, Danny

Porter's execution of the promissory note and credit agreement in his own name were not

apparently for the carrying on of the business of Porter Farms, and HCC shoulders the burden to

show that Danny Porter's acts were authorized or ratified by Sarah Porter.

> HCC argues:
>
> When Danny Porter ordered seed, chemicals and fertilizer from HCC in 2009 on
> credit, he bound Porter Farms to pay for those inputs because he was a partner in
> Porter Farms, the inputs were for farming (the kind of business carried on by Porter
> Farms) and a substantial amount of the inputs were admittedly used by Porter Farms.
> . . . The inputs were for farming, the kind of business carried on by Porter Farms, and
> the purchases were made by a partner who farmed in 2009 not as an individual but
> as a partner in Porter Farms.  The partnership is therefore 'bound' to pay for the
> purchases."

Docket entry 379, at 6-7.

Contrary to HCC's argument, a partnership is not liable on an instrument executed in the

name of an individual partner merely because the proceeds were applied to partnership purposes.

*See Buckner v. Prarie County Bank*, 235 Ark. 307, 359 S.W.2d 443 (1962).   In the absence of

evidence that Danny Porter was authorized to create partnership liability by executing the

agreements at issue, or that Sarah Porter ratified his actions, HCC is not entitled to summary

judgment on the issue of partnership liability.

### Motion for Default Judgment

The remaining defendants, Danny Porter, Sarah Porter, and Porter Farms, failed to

answer or otherwise respond to the second amended complaint within the time prescribed under

Rule 12 of the Federal Rules of Civil Procedure or within the extended period of time afforded

under the Court's order entered January 5, 2012.   Accordingly, the Clerk properly entered

default against the remaining defendants on HCC's motion, pursuant to Rule 55(a) of the Federal

Rules of Civil Procedure.

On January 6, 2012, HCC filed a motion for default judgment and an award of attorneys' fees, expenses, and costs.  HCC certifies that on February 6, 2012, a copy of its motion and supporting brief and exhibits were mailed to Danny Porter and Sarah Porter at their last known address.[3]   The time for responding to the motion has expired, and Defendants have not filed a response.

Because the Court has determined that the remaining defendants are in default, the factual allegations of the second amended complaint, except those relating to the amount of damages, are taken as true.  *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).   HCC seeks to recover the amount due and owing on the Note and submits the Affidavit of Warren Nash, the credit manager for HCC, who testifies that the amount due on Danny Porter's Note, taking into account Justin Porter's payment of $100,000, is $139,051.97.  Docket entry #95, Ex. #1.   HCC also seeks $64,641.37 in attorneys' fees, costs, and expenses pursuant to Ark. Code Ann. § 16-22-308, which permits a court to award reasonable attorneys' fees to the prevailing party in an action to recover on a promissory note.   In support of its request for attorneys' fees and costs, HCC submits an affidavit by attorney Roger D. Rowe and an itemized list of services rendered and expenses incurred.  Defendants will receive an opportunity to be heard on the issues of damages and attorneys  fees  before the Court determines the amount that HCC is entitled to

---

[3]*Compare* docket entry #87, Ex. C ( showing copies of postal service receipts signed by Danny Porter and Sarah Porter with address 119 Walker Rd., Searcy, AR, 72143) *with* docket entries #94, #95 (certifying that motion for default judgment, brief, and supporting documents were mailed to Danny and Sarah Porter at 119 Walker Road, Searcy, AR 72143).

recover.[4]

IT IS THEREFORE ORDERED that Plaintiff's first and second motions for partial summary judgment (docket entries #22, #57) are GRANTED IN PART AND DENIED IN PART. Plaintiff's motions are granted to the extent that the Court finds that Plaintiff is entitled to summary judgment against separate defendant Danny W. Porter for breach of contract.

IT IS FURTHER ORDERED that Defendants Danny W. Porter, Sarah Porter, and Porter Farms have up to and including fifteen (15) days from the entry date of this order in which to file objections to Plaintiff's claim for damages and attorneys' fees.   If no objections are filed, the Court will enter will enter judgment against Danny W. Porter, Sarah Porter, and Porter Farms, jointly and severally, for damages in the amount of $139,051.09 and award Plaintiff $64,641.37 in attorneys' fees, costs, and expenses.

IT IS FURTHER ORDERED that the Clerk is directed to mail a copy of this order to Defendants Danny W. Porter and Sarah Porter by certified mail, return receipt requested, at their last known address:  119 Walker Road, Searcy, AR  72143.

IT IS SO ORDERED THIS 22ND DAY OF FEBRUARY, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4]"'It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.'" *Stephenson v. El-Batrawi* , 524 F.3d 907, 915 -916 (8th Cir. 2008)(quoting *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16 (1944)).   Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may conduct an evidentiary hearing if necessary to determine the amount of damages, but may also find a hearing unnecessary where damages are supported by sufficient documentary evidence. *See Stephenson*, 524 F.3d 916("The need for a hearing is within the sound discretion of the trial court under Fed. R. Civ. P. 55(b)(2)(B))."